# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

COREY NATHANIEL SMITH,

    Plaintiff,

v.

BRIAN K. SMITH; EDINA JOHNSON; and
DEPARTMENT OF CORRECTIONS,
GEORGIA,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-79

## ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion Application to Proceed Without Prepayment of Fees (doc. 2) and also Plaintiff's failure to comply with the Court's October 13, 2015 Order (doc. 4). For the following reasons, Plaintiff's Motion Application to Proceed Without Prepayment of Fees is **DENIED**. Additionally, I **RECOMMEND** that Plaintiff's claims (doc. 1) be **DISMISSED without prejudice** for failure to prosecute. I further **RECOMMEND** that Plaintiff be denied leave to appeal in forma pauperis.

## BACKGROUND

On September 25, 2015, Plaintiff, seeking to proceed in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Ware State Prison. (Doc. 1.) Plaintiff contemporaneously filed a Motion Application to Proceed Without Prepayment of Fees. (Doc. 2.) On the same date, the Court mailed Plaintiff a copy of the Court's redaction policy to Ware State Prison, the only address the Court has for Plaintiff. However, that mailing was returned as undeliverable on October 5, 2015. (Doc. 3.) The

envelope returned to the Court indicates Plaintiff has been discharged from Ware State Prison. Id.

On October 13, 2015, the Court Ordered Plaintiff to provide the Court, within 14 days, a proper mailing address where he can receive papers from the Court. (Doc. 4.) The Court warned Plaintiff that if he failed to do so, it would dismiss this case. Id. Predictably, that Order came back undeliverable, and Plaintiff has failed to notify this Court of his new address. (Doc. 5.) It now appearing that Plaintiff is no longer incarcerated at Ware State Prison, the Court hereby **DENIES** his Motion Application to proceed *in forma pauperis* (doc. 2).

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders. For the reasons set forth below, I recommend that Plaintiff's claims be dismissed and that he be denied leave to appeal in forma pauperis.

### I. Dismissal for Failure to Prosecute and Follow this Court's Orders

It is a long-established principle that this Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute his action and his failure to follow the Court's orders. Fed. R. Civ. P. 41(b); L.R. 41.1(b) (The Court may *sua sponte* dismiss "any action for want of prosecution, with or without prejudice[ ]" based on a party's "[w]illful disobedience or neglect of any order of the Court[.]"); Link v. Wabash Railroad Company, 370 U.S. 626 (1962).[1] While the Court exercises this authority with caution, dismissal is appropriate in the case at hand. Without a proper address for Plaintiff, the Court has no means to adjudicate the merits of his claims.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court attempted to advise Plaintiff that his failure to notify the Court of his change of address would result in dismissal of this action. (Doc. 3, p. 3.)

2

Thus, Plaintiff's Section 1983 Complaint (doc. 1) should be **DISMISSED without prejudice** for failure to prosecute, and this case should be **CLOSED**.

## II. Leave to Appeal In Forma Pauperis

The Court should also deny Plaintiff leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should be **DENIED**.

## CONCLUSION

Due to Plaintiff's failure to follow the instructions of this Court and failure to prosecute this case, it is my **RECOMMENDATION** that his Complaint be **DISMISSED, without prejudice**, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court deny Plaintiff leave to proceed in forma pauperis on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA